ORIGINAL

# In the United States Court of Federal Claims

No. 16-837C

(Filed: August 1, 2016)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| ERIC EMANUEL TAYLOR, | \* |
| Plaintiff, | \* |
| v. | \* |
| THE UNITED STATES, | \* |
| Defendant. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

FILED

AUG - 1 2016

U.S. COURT OF
FEDERAL CLAIMS

## ORDER OF DISMISSAL

Plaintiff pro se Eric Emanuel Taylor is a resident of Virginia. On May 9, 2006, Plaintiff was given a five year suspended sentence for unlawful wounding in the Circuit Court of the City of Portsmouth, Virginia. Compl. Att. 1. Plaintiff alleges claims under the Fifth and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983,[1] as well as a claim for unjust conviction and imprisonment. Plaintiff seeks a "zillion dollars" for pain and suffering. Compl. 1-3, 6.[2] For the reasons stated below, Plaintiff's complaint is dismissed for lack of jurisdiction.

### Discussion

Plaintiff must first establish subject-matter jurisdiction before the Court may proceed to the merits of the action. Hardie v. United States, 367 F.3d 1288, 1290 (Fed. Cir. 2004). The Court must dismiss the action if subject-matter jurisdiction is found to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will construe the complaint in a manner most favorable to the Plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

---

[1] While Plaintiff alleges a violation of 28 U.S.C. § 1983, no such provision exists. The Court construes this as a claim for a violation of 42 U.S.C. § 1983.

[2] Because Plaintiff did not number the pages of his complaint, the Court refers to the page numbers electronically generated by CM/ECF.

USPS TRACKING # 9114 9014 9645 0594 5521 39
& CUSTOMER RECEIPT    For Tracking or inquiries go to USPS.com or call 1-800-222-1811.

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction, and must do so by a preponderance of the evidence. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act, 28 U.S.C. § 1491(a)(1) (2012), provides that this Court

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Tucker Act does not create a substantive right for money damages against the United States, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). A plaintiff must show that he or she is entitled to money damages from an additional source of substantive law. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). The substantive right to money damages must extend from the Constitutional provision, statute, or regulation giving rise to the claim. See United States v. Mitchell, 463 U.S. 206, 216-17 (1983) ("[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" (quoting Testan, 424 U.S. at 400)).

Plaintiff's complaint, even when viewed in the manner most favorable to Plaintiff, fails to articulate a claim that is within this Court's jurisdiction. Plaintiff challenges a conviction imposed by a state court, however this Court does not have jurisdiction to review decisions rendered by state courts. Landers v. United States, 39 Fed. Cl. 297, 301 (1997). Further, this Court lacks jurisdiction to hear claims that are criminal in nature. See Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994) (holding that the Court "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code"). This Court also lacks jurisdiction over claims alleging a violation of the double jeopardy clause of the Fifth Amendment, as that clause is not money-mandating. Bernaugh v. United States, 38 Fed. Cl. 538, 541 (1997).

Although this Court does possess jurisdiction to hear claims of unjust conviction, that jurisdiction is limited and must involve a request for damages. See 28 U.S.C. § 1495. In order to succeed on a claim for damages based on unjust conviction, a plaintiff must prove that his conviction has been reversed or set aside upon grounds of actual innocence, that he has been found not guilty during a new trial, or that he has been pardoned on the grounds of actual innocence, and that he did not commit the acts for which he has been charged. 28 U.S.C. § 2513(a); see also Brown v. United States, 42 Fed. Cl. 139, 141-42 (1998); Vincin v. United States, 199 Ct. Cl. 762, 766 (1972) (per curiam). This proof must come in the form of either a court-issued certificate or a pardon. Id. at § 2513(b). Plaintiff has not made any such showing here.

Plaintiff also seeks to invoke this Court's jurisdiction under 42 U.S.C. § 1983. Compl. 3. However, this Court lacks jurisdiction over claims brought under § 1983, as jurisdiction over

2

these claims is vested exclusively in the district courts. 28 U.S.C. § 1343 (2012); see also Clemmons v. United States, 283 F. App'x 786, 787 (Fed. Cir. 2008); Buck v. United States, No. 11-209C, 2011 WL 2633624, at *3 (Fed. Cl. July 6, 2011).

Plaintiff also alleges a violation of section 4 of the Fourteenth Amendment, which addresses the validity of the public debt. Compl. 6. This Court does not have jurisdiction to hear claims under the Fourteenth Amendment, as it is not money-mandating. LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that violations of the Fourteenth Amendment are insufficient bases for jurisdiction in this Court, as it is not money-mandating); see also Schirripa v. United States, No. 14-1031C, 2015 WL 4628231, at *4 (Fed. Cl. Feb. 26, 2015) (finding that section 4 of the Fourteenth Amendment does not give rise to a substantive right to damages, and therefore does not fall within this Court's jurisdiction).

Finally, Plaintiff requests damages for pain and suffering, however this claim sounds in tort, and therefore lies outside of the jurisdiction of this Court. Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008); LeBlanc, 50 F.3d at 1030.

Plaintiff has also filed a motion for mandamus pursuant to Rule 23.1 of the Rules of the Court of Federal Claims, but has not stated any legal basis for such extraordinary relief.[3]

## Conclusion

Plaintiff fails to allege any basis for this Court's jurisdiction. The Clerk is directed to dismiss this action. Plaintiff's motion for a writ of mandamus is **DENIED**, and Plaintiff's request to alter the case caption to read "with but not verse" is **DENIED**.

*Mary Ellen Coster Williams*
MARY ELLEN COSTER WILLIAMS
Judge

---

[3] Rule 23.1 governs derivative actions brought by shareholders or members of either a corporation or an unincorporated association.